UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NICKOLE LOPEZ, on behalf of C.L., a minor child,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>Defendant. | Case No. C08-5724JKA<br><br>ORDER REMANDING<br>ADMINISTRATIVE DECISION |

This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). This matter has been fully briefed. Plaintiff brings this action, on behalf of her minor son, pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the defendant's final decision. Plaintiff argues in her Opening Brief the following administrative errors:

(i) the medical expert relied upon by the ALJ provided an opinion that is not valid due to his assumption that Asperger's Syndrome and ADHD are not conditions that are disabling in children, contrary to 20 C.F.R. Pt 404, Subpt P, Appendix 1, sections 112.10 & 112.11;

(ii) the ALJ did not explain why he rejected the observations of C.L.'s Mother or Grandparents;

(iii) the ALJ failed to either incorporate the limitations identified by treating and examining specialists Dr. Tripp, Dr. Krebs and Dr. Pope, or provide clear and convincing reasons for rejecting them; and

(iv) the ALJ's domain analysis was incomplete, as it did not include all relevant limitations supported by the record.

This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

When considering claims of childhood disability, the following three-step sequential evaluation is utilized: (1) whether the child is working; (2) whether the child has a medically determinable "severe" impairment or combination of impairments; and (3) whether the child's impairment or combination of impairments meets, medically equals, or functionally equals the severity of an impairment in the listings. 65 Fed. Reg. at 54,778 (to be codified at 20 C.F.R. § 416.924). The final rules for determining minor disability benefits define the statutory standard of "marked and severe limitations" in terms of an impairment that meets, medically equals, or functionally equals the severity of an impairment in the listing. 20 C.F.R. § 416.924(d). A child's functional limitations will be evaluated in the following six domains: (1) acquiring and using information; (2) attending and completing tasks; (3)interacting and relating with others; (4) moving about and manipulating objects; (5) caring for herself or himself; and (6) health and physical well-being. 20 C.F.R. §§ 416.926a(b)(1)(i)-(vi). A medically determinable impairment or combination of impairments functionally equals a listed impairment if it results in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(e)(2). A marked limitation exists when an impairment seriously interferes with the ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2).

After reviewing the briefs and the balance of the record, the undersigned finds the ALJ improperly relied on the medical expert's opinion to conclude C.L. is not disabled. Accordingly, the matter must be

remanded to the administration for further proceedings.

## **DISCUSSION**

This matter involves a minor child, C.L., and his mother, both of whose lives have been significantly affected due to C.L.'s physical and mental impairments. The ALJ found C.L. has four severe impairments: ADHD, Asperger's syndrome, a learning disorder, and a conduct disorder. The evidence indicates Ms. Lopez was forced to quit her job because C.L. was unable to behave and regularly attend school.

The ALJ determined that C.L.'s impairments are not severe enough to meet or medically equal Listings 112.02 or 112.10 or 112.11. In making this finding, he gave significant weight to the opinion of the medical expert, Dr. Bolman. (Tr. 19).

The ALJ's reliance on Dr. Bolman's opinion was improper for at least two reasons. First, Dr. Bolman made statements indicating he did not properly apply the social security regulations when he evaluated C.L's medical files. Dr. Bolman wrote three reports, each time supplementing his earlier opinion based on additional medical evidence that was made available to him. In his third and most recent report, Dr. Bolman stated:

> The second supplemental report on this child concluded that the claimant did not meet SSA criteria for a Listing of Impairments due to the severity criterion. In the first and second supplemental reports it was stated that Asperger's syndrome almost always did not meet SSA criteria for severity. The reason is that these children have significant cognitive and communicative capabilities such that they are able to benefit from schooling IF the school makes the adjustments in the child's Individualized Educational Plan (I.E.P.) Required by the IDEA legislation. [Omitted].
>
> [Omitted].
>
> Comment: on the PHN report it was noted that this boy has an IEP in place. However, it does not sound as if the school is aware of the diagnosis, since if it did, the school should have made environmental and staffing adjustments to support the boy in school so that it was not necessary too [sic] continue to place the child in time out and call the mother daily. The implication of this is that the child's educational needs are not being met by his IEP, and it is more appropriate to use attorney time to require the school to follow the law. If the attorney needs additional information, the book, by Bateman BD, and Linden MA (1998), Better IEP's: How to Develop Legally Correct and Educationally Useful Programs (3rd edition). Longmont, CO: Sopris West is highly recommended. Dr. Bateman is one of the people who helped Congress write the IDEA legislation. There may be a more recent edition. Another useful reference is the OASIS Guide (Bashe PR, Kirby BL (2005), *The OASIS Guide to Asperger Syndrome* (revised edition). New York, Crown Publishers (Random House).
>
> Since this reviewer specializes in autism spectrum conditions including Asperger syndrome, and has seen situations like Mrs. Lopez has, the importance of learning about

> this condition needs to be repeated. There is no doubt that Christian is a boy who is highly sensitive to his environment and has behavioral problems. However, funding will NOT solve his specific Asperger needs. There is now enough information available about this condition that it [should] be possible to substantially improve his ability to improve IF the school and parent get together on an IEP that is specific for Asperger's syndrome so that Dr. Tripp's recommendations can be implemented. The time that SSA disability funding may become appropriate is after the child graduates school or college and enters the workplace.

Tr. 361-62.

Dr. Bolman's comments and suggestions indicate an unfair bias against properly applying the social security regulations. Social Security regulation specifically addresses autistic disorders in children within the Listing §112.10. Dr. Bolman's stated presumption that Asperger's is not disabling in school-aged children is not accurate. Moreover, Dr. Bolman's comments regarding how funds should be used and when funds would be most beneficial for C.L. – not until after the child graduates from school or college – were inappropriate and demonstrate a bias against properly applying the child disability regulations in this matter.

Second, the court finds it was inappropriate for Dr. Bolman to be utilized as an expert and relied upon more heavily than other medical providers, including C.L.'s treating physician, when Dr. Bolman did not even attend the administrative hearing. Dr. Bolman was essentially a reviewing and consultative physician, but was not in a position to offer an opinion that was entitled to the weight given by the ALJ. This presents a due process issue, as Dr. Bolman did not consider the testimonial evidence nor was he available to answer questions about his disagreement with treating and examining specialists and with the Social Security regulations that these conditions can be disabling in children.

Finally, Dr. Bolman's opinion does not appear to take into account the possible combined affects of all of C.L.'s severe impairments. Dr. Bolman's most recent opinion letter focused on C.L.'s Asperger's, but did not address his ADHD, conduct disorder and learning disability. In his first report Dr. Bolman addressed or commented on C.L's ADHD. Tr. 318. The medical expert relied on by the ALJ never discussed or analyzed C.L's other two severe impairments – conduct disorder or learning disability This is inconsistent with 20 C.F.R. Pt. 404, Subpt. P, App. 1, 112.00(A), which provides that when a child has a combination of impairments no one of which meets the requirements of a listing, the administration must make a determination whether the child's impairments in combination.

In sum, the ALJ reliance on Dr. Bolman did not provide substantial evidence to support the ALJ's denial of benefits.

## **CONCLUSION**

Based on the foregoing, the matter must be remanded for further consideration. On remand the matter should be assigned to a different ALJ and a new medical expert should be retained to attend the hearing and provide his or her opinion. On remand the ALJ should conduct a de novo review of all of the evidence, including, but not limited to, the medical opinions and reports provided by C.L's treating and examining physicians, the school teachers and counselors, C.L's mother and grandparents.

DATED this 29th day of May, 2009.

        */s/ J. Kelley Arnold*
        J. Kelley Arnold
        U.S. Magistrate Judge